Tyler Henry Hunt, Esq. (Bar No. 313326)
tyler@hhwlaw.com
Simon Truong, Esq. (Bar No. 352101)
simon@hhwlaw.com
HUNT HUNT & WINTERBOTTOM LLP
19200 Von Karman Avenue, Suite 210
Irvine, California 92612
Telephone: (949) 617-0000

Kenneth C. Winterbottom IV, Esq. (*Pro Hac Vice Forthcoming*)
ken@hhwlaw.com
HUNT HUNT & WINTERBOTTOM LLP
1500 John F. Kennedy Boulevard, Suite 830
Philadelphia, Pennsylvania 19102
Telephone (215) 488-1776

Attorneys for Plaintiffs,
HSE PACIFIC PTY LTD and CHRIS NEWTON

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HSE PACIFIC PTY LTD, an Australian private company; and CHRIS NEWTON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HSE AMERICAS INC., a Delaware corporation; NICOLAS DOMEYKO, an individual; SONIA DOMEYKO, an individual; BRANDEN RACZKOWSKI, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR:** <br> 1. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)** <br> 2. **TRADE SECRET MISAPPROPRIATION** <br> 3. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br> 4. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 *et seq.*** <br> 5. **FRAUD AND INTENTIONAL MISREPRESENTATION** <br> 6. **FRAUD IN THE INDUCEMENT** <br> 7. **MONEY HAD AND RECEIVED** <br> 8. **BREACH OF CONTRACT** <br> 9. **BREACH OF FIDUCIARY DUTY** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

COMPLAINT

**INTRODUCTION**

1.      Plaintiffs ask the court to prevent Defendants Nicolas Domeyko and Sonia Domeyko's attempt to gain through subterfuge, fraud, and misrepresentations, their piece of the artificial intelligence gold rush. However, the AI safety technology and brand the Domeykos and their company, HSE Americas Inc., bring to the market are not their own. Instead, what the Domeykos are attempting to pass off as their own are a brand and technology suite developed by others, and which the Domeykos have obtained control of through manipulation and fraud of a foreign investor, Plaintiff Chris Newton, and his company, HSE Pacific Pty Ltd., based in Sydney, Australia.

2.      Plaintiff HSE Pacific Pty Ltd ("HSE Pacific") is an established Australian safety-technology company with a recognized brand and reputation in the Australian and global mining and resource extraction industry, and which is a global leader in AI pedestrian-detection and machine-safety solutions.

3.      As part of its efforts to bring its "HSE" mark, brand, and goodwill into the U.S. market, HSE Pacific solicited U.S. business partners and entrusted them to form HSE Americas Inc. HSE Pacific assisted HSE Americas with the introduction to and the negotiation of distribution rights with Safety Shield Global Ltd., extending to HSE Americas one of HSE Pacific's most important and trusted business relationships. HSE Pacific also supplied HSE Americas with branding, materials, trade secrets, and reputational backing.

4.      Defendants Nicolas and Sonia Domeyko, recruited by HSE Pacific to operate its U.S. arm, instead used the opportunity to form HSE Americas Inc. and, in doing so, misappropriated HSE Pacific's mark, reputation, and business relationships. While they have presented themselves to key vendors, investors, and the market as affiliates of HSE Pacific, they turn around and deny such relationship behind closed doors to their purported parent, HSE Pacific.

5.      Defendants Nicolas and Sonia Domeyko have not contributed funds towards the working capital of HSE Americas.

6.      In the course of that scheme, defendants defrauded plaintiffs out of approximately four hundred thousand Australian dollars ($400,000 AUD). On September 30, 2025, defendant Sonia Domeyko sent Mr. Newton a written communication containing false representations that

HSE Americas faced an imminent payroll-compliance crisis, which defendants misrepresented as having attendant risk of IRS audit and loss of Delaware corporate standing. In reliance on that communication and the defendants' false representations that immediate funding was required to avoid enforcement action by American authorities, HSE Pacific arranged a loan from Trivian Capital and contributed the funds to HSE Americas. Within days of receiving the money, defendants revoked plaintiffs' access to the company's data room, declared themselves in sole control of HSE Americas, and purported to remove Mr. Newton from the board.

7.    Plaintiffs bring this action to enjoin defendants' continuing misuse of the HSE Pacific brand, to bar defendants from raising capital on a U.S. reputation that is not theirs, to recover the $400,000 AUD obtained by deception, and to obtain such further relief as set forth below.

## JURISDICTION

8.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Count I arises under the laws of the United States, namely section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9.    This Court further has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). Plaintiff HSE Pacific Pty Ltd and plaintiff Chris Newton are citizens of Australia. Defendant HSE Americas Inc. is a citizen of Delaware and California. Defendants Nicolas Domeyko and Sonia Domeyko are citizens of California. Complete diversity exists between the plaintiffs and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.    This Court has supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy.

11.    This Court has personal jurisdiction over defendants because each defendant resides in, is domiciled in, or maintains its principal place of business in California, and a substantial part of the conduct giving rise to the claims occurred in California.

12.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District. ///

Plaintiffs are informed and believe, and on that basis allege, that HSE Americas Inc. maintains its principal place of business at 2261 Market Street, Suite 85489, San Francisco, California 94114.

13.    Intradistrict assignment is proper in the San Francisco Division under Civil Local Rule 3-2(c) and (d) because a substantial part of the events giving rise to the claims occurred in San Francisco County.

## PARTIES

14.    Plaintiff HSE Pacific Pty Ltd ("HSE Pacific") is a proprietary limited company organized under the laws of Australia, with its principal place of business in New South Wales, Australia. HSE Pacific is a citizen of Australia for purposes of 28 U.S.C. § 1332(a)(2).

15.    HSE Pacific is engaged in the sale and distribution of safety-technology solutions, including AI pedestrian-detection and machine-safety systems for use in mining and resource extraction, and is the owner of the "HSE" name and mark and the associated goodwill at issue in this action.

16.    Plaintiff Chris Newton ("Mr. Newton") is an individual and a citizen of Australia. Mr. Newton is the Chief Executive Officer and a co-founder of HSE Pacific.

17.    Defendant HSE Americas Inc. ("HSE Americas") is a corporation organized under the laws of Delaware, with its principal place of business at 2261 Market Street, Suite 85489, San Francisco, California 94114. HSE Americas is a citizen of Delaware and California for purposes of 28 U.S.C. § 1332(c)(1).

18.    Defendant Nicolas Domeyko is an individual and a citizen of California.

19.    Defendant Sonia Domeyko is an individual and a citizen of California.

20.    Defendants Nicolas Domeyko and Sonia Domeyko are married to each other.

21.    Defendant Branden Raczkowski is an individual and a citizen of New York. Since at least February 2026, Defendant Raczkowski has held himself out as being HSE Americas' "Senior Business Development Manager" and in that capacity has aided and abetted Defendants in their ongoing attempts to misappropriate Plaintiffs' trade secrets and refusal to acknowledge Plaintiffs' interests in HSE Americas.

22.    Plaintiffs do not yet know the true names and capacities of the persons or entities sued as DOES 1 through 25 and therefore sue them by fictitious names under Code of Civil Procedure section 474. Plaintiffs will amend to identify them once their identities and roles are ascertained. Plaintiffs are informed

and believe, and on that basis allege, that each DOE defendant bears some responsibility for the acts and damages alleged in this Complaint, and that they have acted as the agent and/or employee for the defendants named in this complaint.

### FACTUAL ALLEGATIONS

#### A.  HSE Pacific and the "HSE" Brand

23.    HSE Pacific is an Australian safety-technology company that has, for years prior to the events at issue in this Complaint, marketed and sold safety-technology solutions under the "HSE" name and mark.

24.    HSE Pacific's product offering includes AI pedestrian-detection systems, machine-safety solutions, and a proprietary safety-intelligence platform. HSE Pacific has developed Level 9 Intervention Controls within the meaning of the Earth Moving Equipment Safety Round Table initiative's guidelines and operated as an authorized Australian distributor of an established AI safety-technology partner whose products HSE Pacific has marketed, sold, and supported in the field.

25.    As a result of HSE Pacific's continuous and sustained use of the "HSE" name and mark in connection with these products and services, the "HSE" name and mark has come to identify HSE Pacific as the source of those products and services, and to signify the commercial reputation, expertise, and goodwill that HSE Pacific has developed at the intersection of the resource extraction and safety-technology industries. The "HSE" mark and trade dress, as used by HSE Pacific, has acquired distinctiveness and source-identifying significance among customers, distributors, and partners at the intersection of the resource extraction and safety-technology industries.

26.    HSE Pacific is the owner of the "HSE" name, mark, trade dress, and the goodwill associated therewith in the context of the resource extraction and safety-technology industries. Through its NUMBER years in business, HSE Pacific has invested in and developed its unique brand identity in the Australian and global resource extraction and safety-technology industries, including its name, logos, marketing materials, customer-facing communications, and reputation.

///

///

///

**B.   HSE Pacific's Entry Into U.S. Commerce and the Formation of HSE Americas**

27.   In 2025, HSE Pacific determined to expand its safety-technology business into the United States market and to do so under the "HSE" name and by making use of the "HSE" mark and trade dress.

28.   HSE Pacific is an Australian company; Mr. Newton, its CEO and a co-founder, is based in Australia. Neither HSE Pacific nor Mr. Newton was positioned to manage U.S.-side corporate, legal, and operational matters directly. HSE Pacific therefore retained a U.S.-based operator to act on HSE Pacific's behalf in carrying out its U.S.-market entry.

29.   In search of a U.S.-based operator, Mr. Newton recruited defendant Nicolas Domeyko, a former colleague with connections in the Bay Area. Mr. Domeyko represented that he had the U.S.-market experience and operational capability necessary to lead HSE Pacific's U.S. expansion. Defendant Sonia Domeyko subsequently joined the effort and assumed corporate-administration and finance responsibilities.

30.   The Domeykos accepted the role of HSE Pacific's U.S.-side operators and the trust HSE Pacific reposed in them, including authority to act on HSE Pacific's behalf and to keep HSE Pacific apprised of matters involving U.S. corporate formation, documentation, and regulatory compliance.

31.   Plaintiffs are informed and believe, and on that basis allege, that Mr. Domeyko took it upon himself to form HSE Americas Inc. and, on or about June 20, 2025, Mr. and Mrs. Domeyko formed HSE Americas under Delaware law. Defendants retained custody of those corporate records and have refused to make copies available for review by Mr. Newton and HSE Pacific.

32.   When discussing with the defendants the possibility of Defendant Domeyko leading HSE Pacific's new venture in the United States, the ownership structure was known to all and not subject to dispute: HSE Pacific's principals, Mr. Newton and Mr. Smith, would allow Defendant Domeyko to own one-third (33%) of the new venture, while retaining two-thirds (66%) for themselves.

33.   HSE Pacific has used its "HSE" name, mark, and trade dress in commerce in the United States. That use included, among other things: HSE Pacific's solicitation of prospective U.S. business partners, including but not limited to Defendant Nicolas Domeyko; HSE Pacific's negotiation of U.S. distribution rights with its established AI safety-technology partner; HSE Pacific's

COMPLAINT

recruitment and direction of U.S.-based personnel to operate under the "HSE" name; HSE Pacific's contribution of branding, marketing materials, standard operating procedures, business materials, trade secrets, and business identity to HSE Americas; and HSE Pacific's holding out of HSE Americas to U.S. partners, customers, suppliers, and investors as the U.S. arm of HSE Pacific.

34.     HSE Pacific's existing commercial relationship with its established AI safety-technology partner formed the commercial foundation for HSE Americas' planned U.S. operations. That partner extended U.S. distribution rights to HSE Americas based on HSE Pacific's track record, distributor relationships, and industry reputation. Mr. Domeyko had no prior background in the resource extraction or safety-technology fields and no prior relationship with the partner.

## C.  The Domeykos' Hijacking of HSE Americas

35.     As reported to HSE Pacific and Mr. Newton from Defendant Nicolas Domeyko and Defendant Sonia Domeyko, HSE Americas faced operational funding gaps. To address those needs, Trivian Capital agreed to extend a $400,000 AUD loan to HSE Pacific, which HSE Pacific in turn contributed to HSE Americas. Defendant Sonia Domeyko took receipt of the $400,000 AUD on behalf of HSE Americas.

36.     Receipt of the $400,000 AUD was the moment defendants turned irrevocably on the parties whose trust and resources had built HSE Americas. Days after receiving the money, defendant Nicolas Domeyko and defendant Sonia Domeyko revoked all access by Mr. Newton and HSE Pacific to HSE Americas' data room and corporate records.

37.     Around this time, Defendant Sonia Domeyko failed to show up at a previously scheduled global-strategy session between HSE Pacific and HSE America, despite Ms. Domeyko having flown to Australia at HSE Pacific's expense for the purported reason of attending the meeting.

38.     Defendants then declared their independence, claiming that they would refuse efforts to be integrated with HSE Pacific into a global company, that defendants controlled HSE Americas and that they alone would decide how it would proceed; and that Mr. Newton would be removed from the board and his equity cancelled.

///

///

39. Mr. Newton notified defendants that he intended to report their conduct to the U.S. Securities and Exchange Commission and to demand inspection of HSE Americas' books and records under applicable law.

40. Within approximately twenty-four hours of that notice, on or about February 5, 2026, defendant Nicolas Domeyko purported, in his asserted capacity as a controlling stockholder of HSE Americas, to remove Mr. Newton from the board of HSE Americas without cause. The removal was retaliatory and was timed to obstruct Mr. Newton's access to the corporate records and his ability to investigate defendants' conduct.

41. Defendants have continued to operate HSE Americas under the "HSE" name and mark, to trade on HSE Pacific's reputation and the U.S. distribution relationship that HSE Pacific brought to the venture, and to solicit U.S. investor capital.

**D. The September 30, 2025 Communication and the $400,000 AUD**

42. On September 30, 2025, at approximately 6:43 a.m. Pacific Time, defendant Sonia Domeyko sent a written email communication to Mr. Newton, with defendant Nicolas Domeyko copied, bearing the subject line "Payroll and Compliance Issue for September" (the "September 30 Communication"). Ms. Domeyko sent the September 30 Communication in her capacity as Director of Operations of HSE Americas and as one of the U.S.-side operators in whom HSE Pacific had reposed trust.

43. The September 30 Communication represented, expressly and by clear implication, that HSE Americas faced an immediate funding crisis; that the Company's bank balance was insufficient to cover September payroll; that defendants had been forced to run only a partial payroll, exposing HSE Americas to the risk of an IRS audit, state-labor-agency investigation, and loss of the Company's good standing as a Delaware corporation; that the situation was urgent and demanded an immediate response; and that additional funding was required to restore HSE Americas to compliance and to permit the Company to continue ordinary operations. The Communication was crafted to invoke fear of regulatory consequence and urgency of action, and to leverage Mr. Newton's reliance on the Domeykos for accurate U.S.-side information.

44. The September 30 Communication was sent for the purpose of inducing Mr. Newton, on HSE Pacific's behalf, to cause additional funds to be advanced to HSE Americas. Defendants knew,

when sending the Communication, that Mr. Newton was in Australia, was relying on the Domeykos as HSE Pacific's U.S.-side operators for accurate information about HSE Americas' financial condition and operational needs, and would act on the information defendants provided. Defendants weaponized the very trust HSE Pacific had reposed in them to extract the funds.

45.     The September 30 Communication was false and misleading when made. The premise of the Communication—that defendants were soliciting the funds to support HSE Americas' continued operations as HSE Pacific's U.S. arm, and to maintain the Company's compliance and good standing—was false. At the time the Communication was sent, defendants did not intend to use the funds to support HSE Americas as HSE Pacific's U.S. arm. They intended to use the funds to seize unilateral control of HSE Americas, to repudiate the planned global consolidation, to exclude Mr. Newton and HSE Pacific from corporate governance and information, to remove Mr. Newton from the board, and to entrench themselves as the sole decision-makers of a Company they would thereafter present to U.S. customers, partners, and investors as independent of HSE Pacific. Defendants did exactly that, within days of receiving the funds.

46.     Mr. Newton, on HSE Pacific's behalf, reasonably relied on the September 30 Communication and on defendants' representations and concealment. In reliance, Mr. Newton arranged for HSE Pacific to obtain a loan from Trivian Capital in the amount of approximately $400,000 AUD, and HSE Pacific contributed those funds to HSE Americas for the operational and compliance purposes defendants had represented.

47.     The funds were transmitted from Trivian Capital to HSE Pacific and from HSE Pacific to HSE Americas. Defendant Sonia Domeyko took receipt of the funds on behalf of HSE Americas. Within days, defendants did precisely what they had concealed they intended to do. Defendants have not returned the $400,000 AUD to HSE Pacific, have not used the funds for the operational and compliance purposes they represented, and have retained the benefit of the funds.

48.     Plaintiffs would not have caused the $400,000 AUD to be advanced—and HSE Pacific would not have incurred the corresponding obligation to Trivian Capital—had defendants disclosed their actual intentions or had defendants not made the misleading representations contained in the September 30 Communication.

## COUNT 1

### LANHAM ACT § 43(A)(1)(A)—FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

### (15 U.S.C. § 1125(A)(1)(A))

### (Plaintiff HSE Pacific Pty Ltd against all Defendants)

49. Plaintiff HSE Pacific realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

50. HSE Pacific is the owner of the "HSE" name, mark, and trade dress, and the goodwill associated therewith. The "HSE" mark and trade dress, as used by HSE Pacific in connection with its safety-technology products and services in the resource extraction and safety-technology industries, is a valid and protectable mark and trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Through HSE Pacific's continuous and sustained use of the mark and trade dress in commerce, including in U.S. commerce as set forth above, the mark has acquired distinctiveness and source-identifying significance among customers, distributors, and partners in the resource extraction and safety-technology fields, and identifies HSE Pacific as the source of the products and services offered under the mark.

52. Defendants have used, and continue to use, the "HSE" name and mark in U.S. commerce in connection with the marketing, sale, and promotion of safety-technology products and services, the operation of HSE Americas Inc., and the solicitation of investor capital from U.S. investors.

53. HSE Americas was formed and named "HSE Americas" as HSE Pacific's U.S. arm, and, for a time, operated under the "HSE" mark with HSE Pacific's branding, materials, and authorization. That authorization was extinguished when defendants repudiated HSE Americas' role as HSE Pacific's U.S. arm, severed the relationship with HSE Pacific, excluded plaintiffs from HSE Americas' governance and information, and undertook to operate HSE Americas as an entity holding itself out as independent of HSE Pacific.

54. Defendants nonetheless retained, and continue to use, the "HSE" name, mark, and trade dress in U.S. commerce, including in presentations to potential investors, posts on social media, communications with HSE Pacific's distributors, and various other means.

///

55.    Defendants' unauthorized use of the "HSE" name and mark is likely to cause, and has caused, confusion, mistake, and deception among customers, partners, suppliers, and investors as to the origin, sponsorship, and affiliation of HSE Americas' products and services. The name "HSE Americas Inc." communicates affiliation with HSE Pacific to a reasonable observer in the resource extraction and safety-technology markets. Defendants' use of the name, trademark, and trade dress are likely to cause consumer confusion in violation of Section 43(a) of the Lanham Act by associating the two entities as having an ongoing relationship when, in fact, due to the actions of Defendant Nicolas Domeyko and Defendant Sonia Domeyko, no ongoing relationship exists.

56.    Defendants Nicolas Domeyko and Sonia Domeyko personally directed, authorized, and participated in the conduct described in this Count, including the decisions to continue using the "HSE" name and mark in U.S. commerce after severing their connection with HSE Pacific, and they continue to use the "HSE" name, mark, and trade dress to solicit securities investments from U.S. investors.

57.    Defendants' conduct is causing, and unless enjoined will continue to cause, irreparable harm to HSE Pacific. Defendants' continuing use of the "HSE" name and mark in U.S. commerce deprives HSE Pacific of control over its own mark in the U.S. market, exposing HSE Pacific to potential reputational and commercial harm. That association is also the cornerstone of Defendants' efforts to solicit investments from U.S. investors.

58.    As a direct and proximate result of defendants' conduct, HSE Pacific has been damaged in a monetary amount to be proven at trial. Defendants' conduct was, and continues to be, intentional, willful, and undertaken with knowledge of HSE Pacific's rights and the falsity of the affiliation defendants are projecting. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a), entitling HSE Pacific to recover defendants' profits, treble damages, and attorneys' fees.

///

///

///

///

///

///

COMPLAINT

## COUNT 2

### TRADE SECRET MISAPPROPRIATION UNDER CAL. CIVIL CODE SECTION 3426 *ET SEQ.*

### (Plaintiff HSE Pacific Pty Ltd against All Defendants)

59. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

60. As part of the collaborative efforts between HSE Pacific and Defendants prior to Defendants severing ties with HSE Pacific, Plaintiffs provided Defendants with access to certain of HSE Pacific's intellectual property, including without limitation its advanced AI Human Form safety recognition software that HSE Pacific developed and installs in various industrial or consumer products and machinery for its customers in the resource extraction and safety technology industries.

61. The information described above, which HSE Pacific independently developed prior to any association with Defendants, is typically kept secret. HSE Pacific takes reasonable measures to protect the secrecy of this information, including using encrypted and password-protected computer systems and employing policies not to share or broadly distribute this information. Therefore, this information constitutes trade secrets protectable under California law, Civil Code § 3426.1(d).

62. Defendants' unauthorized sale and use of HSE's technologies, and the willful solicitation and receipt of such information under false pretenses, constitutes trade secret misappropriation actionable under California law.

63. Defendants' conduct constitutes misappropriation of trade secrets under California Civil Code § 3426.1(d). Defendants Nicolas Domeyko and Sonia Domeyko personally directed, authorized, and participated in the conduct described in this Count and are personally liable for that conduct. To the extent that their employment or agency relationships with HSE Americas involves the sale or distribution of HSE's trade secrets, the conduct of affiliate Defendant Branden Raczkowski and DOES 1 through 25 also constitutes trade secret misappropriation actionable under California law.

64. As a direct and proximate result, HSE Pacific has been, and continues to be, damaged in a monetary amount to be proven at trial, and HSE Pacific is suffering irreparable harm for which there is no adequate remedy at law.

///

## COUNT 3

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (Plaintiff HSE Pacific Pty Ltd against all Defendants)

65.    Plaintiff HSE Pacific realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

66.    HSE Pacific is the owner of the "HSE" name, trade dress, mark, and the goodwill associated therewith. The "HSE" mark, as used by HSE Pacific in connection with safety-technology products and services, is a valid and protectable mark under California and federal law.

67.    HSE Pacific's use of the "HSE" mark in U.S. commerce predates any use of the mark by Defendants.

68.    Defendants' unauthorized use of the "HSE" name, trade dress, and mark in U.S. commerce is likely to cause, and has caused, confusion, mistake, and deception among customers, partners, suppliers, and investors as to the origin, sponsorship, and affiliation of HSE Americas' products and services, and falsely suggests that HSE Americas is affiliated with, sponsored by, or otherwise associated with HSE Pacific.

69.    Defendants Nicolas Domeyko and Sonia Domeyko directed, authorized, and participated in the conduct described in this Count and are personally liable for that conduct.

70.    Defendants' conduct constitutes trademark infringement and unfair competition under California and federal law. As a direct and proximate result, HSE Pacific has been, and continues to be, damaged in a monetary amount to be proven at trial, and HSE Pacific is suffering irreparable harm for which there is no adequate remedy at law.

71.    Defendants' conduct was, and continues to be, intentional, willful, malicious, and oppressive within the meaning of California Civil Code § 3294, entitling HSE Pacific to punitive and exemplary damages.

///

///

///

///

13

COMPLAINT

## COUNT 4

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

### (Plaintiff HSE Pacific Pty Ltd against all Defendants)

72.     Plaintiff HSE Pacific realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

73.     California law allows a person "who has suffered injury in fact and has lost money or property as a result of the unfair competition" to bring an action pursuant to the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and thereby allows a private cause of action for unlawful, unfair, or fraudulent business act or practice.

74.     Defendants' conduct constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of the statute.

75.     Defendants' conduct is unlawful to the extent that it involves violations of U.S. intellectual property laws governing the use of trademark and trade dress, violations of U.S. securities laws, and violations of federal and state prohibitions on trade secret misappropriation, false advertising, and fraud.

76.     Defendants' conduct is unfair in that it offends established public policy and is immoral, unethical, oppressive, and unscrupulous in involving the exploitation of the trust that HSE Pacific and Mr. Newton reposed in them.

77.     Defendants' conduct is fraudulent in that it is likely to deceive members of the public, including U.S. customers, partners, suppliers, and investors, into believing that HSE Americas is affiliated with, sponsored by, or otherwise associated with HSE Pacific.

78.     Defendants Nicolas Domeyko and Sonia Domeyko personally directed, authorized, and participated in the conduct described in this Count and are personally liable for that conduct.

79.     HSE Pacific has standing to bring this Count under California Business & Professions Code § 17204. As a direct and proximate result of defendants' conduct, HSE Pacific has suffered injury in fact and has lost money and property, including: loss of the goodwill and reputational value associated with the "HSE" mark and trade dress; loss of control over the use of HSE Pacific's mark and trade dress in U.S. commerce; loss of the U.S. business opportunity that HSE Pacific developed and brought to the venture, including the U.S. distribution relationship that defendants are now using for their own benefit;

and the funds and resources HSE Pacific contributed to the formation, branding, and operation of HSE Americas.

80.     HSE Pacific is entitled to injunctive relief restraining defendants from continuing the unlawful, unfair, and fraudulent practices set forth above. The requested injunctive relief includes, without limitation, an order restraining defendants from continuing to use the "HSE" name, trade dress, and mark in U.S. commerce; an order restraining defendants from soliciting, accepting, or closing on investor capital on the basis of an asserted or implied affiliation with HSE Pacific or on the basis of the brand, reputation, or U.S. distribution relationship HSE Pacific developed; and an order requiring defendants to disclose to current and prospective investors and counterparties the actual nature of HSE Americas' relationship with HSE Pacific.

81.     HSE Pacific is also entitled to restitution of money and property defendants have acquired by means of those practices.

## COUNT 5

### FRAUD AND INTENTIONAL MISREPRESENTATION

**(All Plaintiffs against HSE Americas Inc., Nicolas Domeyko, and Sonia Domeyko)**

82.     Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

83.     By the September 30 Communication, defendants made false representations of material fact, including the representation that HSE Americas required immediate additional funding to support its ordinary operations and to maintain its compliance and corporate good standing as the U.S. arm of HSE Pacific pending the parties' planned global consolidation.

84.     Defendants further represented and implied, expressly and by clear implication, that the funds being solicited would be used for the operational and compliance purposes the September 30 Communication identified. The premise of the Communication—that the funds were needed for, and would be applied to, HSE Americas' continued operation as HSE Pacific's U.S. arm pending global consolidation—was false at the time the Communication was sent. Defendants did not intend to use the funds for those purposes. Defendants intended to use the funds to seize unilateral control of HSE Americas, to repudiate the planned global consolidation with HSE Pacific, to exclude plaintiffs from corporate

COMPLAINT

governance and information, and to entrench themselves in control of the Company. Within days of receiving the funds, that is exactly what Defendants did.

85. Defendants knew, when sending the September 30 Communication, that the representations and implications set forth above were false. Defendants made those representations and implications with the intent to induce plaintiffs to advance funds to HSE Americas in reliance on them.

86. Plaintiffs justifiably relied on defendants' representations and implications. Mr. Newton was in Australia. The Domeykos held custody of HSE Americas' corporate records, financial information, and operational data. The parties' working relationship was structured around HSE Pacific's reliance on the Domeykos for accurate U.S.-side information. Mr. Newton had no reason at the time of the September 30 Communication to question the urgency, the operational premise, or defendants' stated intentions. In reliance on defendants' representations, HSE Pacific obtained a loan in the amount of approximately $400,000 AUD from Trivian Capital and contributed those funds to HSE Americas, as set forth above.

87. In reliance on defendants' representations, HSE Pacific obtained a loan in the amount of approximately $400,000 AUD from Trivian Capital and contributed those funds to HSE Americas, as set forth above. The Trivian Capital loan was the culmination of a sustained pattern of contributions Plaintiffs made to HSE Americas in reliance on the parties' agreed structure and on defendants' representation about HSE Americas' purpose and operation as HSE Pacific's U.S. branch. From the formation of HSE Americas, Defendant Nicolas Domeyko contributed no working capital to the Company. Mr. Newton drew personal funds to contribute to HSE Americas' working capital needs. The following transfers were made from his account directly for the benefit of HSE Americas:

    a. $100,000 AUD on August 8, 2025;

    b. $50,000 AUD on August 11, 2025;

    c. $50,000 AUD on October 9, 2025;

    d. $20,000 AUD on October 13, 2025; and

    e. $50,000 AUD on November 21, 2025.

///

///

16

COMPLAINT

88. As a direct and proximate result of defendants' fraud, plaintiffs have been damaged in a monetary amount to be proven at trial, including the $400,000 AUD advanced to HSE Americas, the corresponding loan obligation HSE Pacific incurred to Trivian Capital, and consequential damages.

89. Defendants' conduct was intentional, willful, malicious, oppressive, and fraudulent within the meaning of California Civil Code §§ 1689(b)(1) and 3294, entitling plaintiffs to punitive and exemplary damages.

## COUNT 6

### FRAUD IN THE INDUCEMENT

**(All Plaintiffs against HSE Americas Inc., Nicolas Domeyko, and Sonia Domeyko)**

90. Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

91. As mentioned before, Defendants made false representations of material fact that they knew were false. Defendants made those representations and implications with the intent to induce plaintiffs to advance funds to HSE Americas in reliance on them.

92. As mentioned before, Plaintiffs justifiably relied on defendants' representations and implications. Mr. Newton had no reason at the time to question the urgency, the operational premise, or defendants' stated intentions. In reliance on defendants' false representations, HSE Pacific signed promissory notes to obtain a loan in the amount of approximately $400,000 AUD from Trivian Capital and contributed those funds to HSE Americas, as set forth above. In this process, Plaintiffs also supplied HSE Americas with branding, materials, trade secrets, and reputational backing.

93. As mentioned before, as a direct and proximate result of defendants' fraud, plaintiffs have been damaged in a monetary amount to be proven at trial, including the $400,000 AUD advanced to HSE Americas, the corresponding loan obligation HSE Pacific incurred to Trivian Capital, and consequential damages.

94. Defendants' conduct was intentional, willful, malicious, oppressive, and fraudulent within the meaning of California Civil Code §§ 1689(b)(1) and 3294, entitling plaintiffs to punitive and exemplary damages and rescission

///

# COUNT 7

## MONEY HAD AND RECEIVED

### (All Plaintiffs against HSE Americas Inc., Nicolas Domeyko, and Sonia Domeyko)

95.     Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

96.     Defendants received approximately $400,000 AUD from plaintiffs. The funds were transmitted from Trivian Capital to HSE Pacific, and from HSE Pacific to HSE Americas, and were received by defendant HSE Americas Inc. through defendant Sonia Domeyko on behalf of HSE Americas.

97.     The funds were advanced for the use and benefit of HSE Americas consistent with the operational and compliance purposes defendants had represented and the parties' agreed structure. Defendants have not used the funds for that purpose. Defendants further asserted that HSE Americas would not accept the funds, while at the same time retaining them. Defendants have not returned the funds. Plaintiffs are entitled to restitution of the $400,000 AUD from defendants on the common count for money had and received.

98.     Defendants have been unjustly enriched at plaintiffs' expense in the amount of the $400,000 AUD and any traceable proceeds, including any portion of the funds applied to the compensation of defendants Nicolas Domeyko and Sonia Domeyko or otherwise applied for the personal benefit of defendants. Defendants received the funds under circumstances—including defendants' contemporaneous decisions to seize unilateral control of HSE Americas, to repudiate the planned global consolidation with HSE Pacific, and to exclude plaintiffs from the venture—that make defendants' retention of the funds unjust and inequitable. Defendants' assertion that HSE Americas would not accept the funds, simultaneously with defendants' retention of the funds, independently makes defendants' retention unjust and inequitable.

99.     The $400,000 AUD was obtained by defendants under circumstances giving rise to an equitable obligation to hold the funds for plaintiffs' benefit and to convey the funds to plaintiffs. A constructive trust should be imposed over the $400,000 AUD and any traceable proceeds wherever held, including: any portion of the funds applied to the compensation, salaries, distributions, or other personal

///

benefit of defendants Nicolas Domeyko and Sonia Domeyko; any property, accounts, or assets defendants acquired with the funds; and any other proceeds traceable to the funds in defendants' possession or control.

100.   By reason of the foregoing, plaintiffs are entitled to recover from defendants the $400,000 AUD and any traceable proceeds, together with prejudgment interest, and to the imposition of a constructive trust over those funds and any traceable proceeds.

## COUNT 8

### BREACH OF CONTRACT

**(All Plaintiffs against HSE Americas Inc., Nicolas Domeyko, and Sonia Domeyko)**

101.   Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

102.   This Count is pleaded in the alternative to Plaintiffs' rescission claim and to the relief requested in the Prayer pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3). To the extent the agreements identified herein are not rescinded, Plaintiffs are entitled to damages and other relief for Defendants' breach of those agreements as set forth below.

103.   Prior to and during their dealings concerning the formation and operation of HSE Americas the parties entered into the following agreements:

(i)   an agreement between Mr. Newton, on the one hand, and Defendants Nicolas Domeyko and Sonia Domeyko, on the other, concerning the ownership, governance, and operation of the planned U.S. venture (the "Venture Agreement"), the material terms of which included that HSE Americas would be formed and operated as HSE Pacific's U.S. arm, that HSE Pacific's principals would retain sixty-six percent (66%) of the equity and Defendant Nicolas Domeyko would hold thirty-three percent (33%), that Mr. Newton would serve on the board of HSE Americas Inc., that the Domeykos would act as HSE Pacific's U.S.-side operators with authority to act on HSE Pacific's behalf and a corresponding duty to keep HSE Pacific apprised of U.S. corporate, documentation, and regulatory matters, and that the venture would proceed to a planned global consolidation with HSE Pacific;

(ii)   an agreement between Mr. Newton, on the one hand, and Defendants, on the other, concerning the contribution and use of the approximately $400,000 AUD Defendants

solicited in September 2025 (the "Funding Agreement"), the material term of which was that the funds would be used for HSE Americas's operational and compliance purposes as HSE Pacific's U.S. arm pending the planned global consolidation, and not for any other purpose; and

(iii)    the promissory notes executed by Plaintiffs HSE Pacific Pty Ltd and Mr. Newton in connection with the funding (the "Notes").

104.    Plaintiffs performed all material conditions, covenants, and promises required of them under the Venture Agreement, the Funding Agreement, and the Notes, except as their performance was excused, prevented, or rendered impossible by Defendants' conduct. Plaintiffs' performance—including Mr. Newton's recruitment of Defendant Nicolas Domeyko, the extension by HSE Pacific to HSE Americas Inc. of HSE Pacific's name, mark, branding, materials, trade secrets, reputational backing, and U.S. distribution relationship with Safety Shield, the contribution of approximately $400,000 AUD to HSE Americas Inc., and the execution of the Notes—constituted good and valuable consideration for Defendants' promises.

105.    Defendants accepted and retained the benefits of Plaintiffs' performance and continue to enjoy them, including the use of the "HSE" name and mark, HSE's U.S. distribution relationship with Safety Shield, the trade secrets and operating materials, and the $400,000 AUD in funds.

106.    Defendants materially breached the Venture Agreement and the Funding Agreement by, among other things: revoking Plaintiffs' access to HSE Americas Inc.'s data room and corporate records within days of receiving the $400,000 AUD; refusing to integrate HSE Americas Inc. with HSE Pacific Pty Ltd and repudiating the planned global consolidation; declaring themselves the sole controlling stockholders and decision-makers of HSE Americas Inc.; repudiating Mr. Newton's equity; purporting to remove Mr. Newton from the board of HSE Americas Inc. on or about February 5, 2026, without cause; ceasing to act as HSE Pacific Pty Ltd's U.S.-side operators and ceasing to keep HSE Pacific Pty Ltd apprised of U.S. corporate, documentation, and regulatory matters; continuing to operate HSE Americas Inc. as an entity holding itself out as independent of HSE Pacific Pty Ltd; failing to use the $400,000 AUD for the operational and compliance purposes that defined the Funding Agreement's permitted use; and

///

COMPLAINT

applying the funds instead to seize unilateral control of HSE Americas Inc. and to exclude Plaintiffs from the venture. Each of the foregoing constitutes a material breach.

107.    As a direct and proximate result of Defendants' breaches, Plaintiffs have suffered, and continue to suffer, damages in a monetary amount to be proven at trial, including: the $400,000 AUD contributed to HSE Americas Inc.; Plaintiffs HSE Pacific Pty Ltd's and Mr. Newton's continuing obligations under the Notes, including principal, interest, fees, and costs; the value of Mr. Newton's equity interest in the U.S. venture; the value of the brand, materials, trade secrets, reputational backing, and U.S. distribution relationship Plaintiffs supplied to HSE Americas Inc.; the loss of the U.S. business opportunity Plaintiffs developed; and consequential damages flowing from Defendants' breaches. Plaintiffs are entitled to prejudgment interest pursuant to California Civil Code § 3287 and to such further relief as the Court deems just and proper.

## COUNT 9

### BREACH OF FIDUCIARY DUTY

### (All Plaintiffs against Nicolas Domeyko and Sonia Domeyko)

108.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

109.    As stated before, Mr. Newton recruited the Domeykos to lead HSE Pacific's U.S. expansion. The Domeykos accepted this role which granted them authority to act on Mr. Newton's and HSE Pacific's behalf and to keep Mr. Newton and HSE Pacific apprised of matters involving U.S. corporate formation, documentation, and regulatory compliance. Based on their agency relationship, Defendant Nicolas Domeyko and Defendant Sonia Domeyko owed fiduciary duties to Mr. Newton and HSE Pacific.

110.    As operators of HSE Americas on behalf of HSE Pacific, under the directorship of Chris Newton, defendants Nicolas and Sonia Domeyko owed fiduciary duties of loyalty, care, and good faith to HSE Pacific and Mr. Newton. These duties required defendants to act in the best interest of the company, to disclose conflicts of interest, to refrain from self-dealing, and to present corporate opportunities to the Board before pursuing them for personal benefit.

///

111.   The Domeykos breached these duties by falsely reporting the need of finances, removing Mr. Newton from the board of HSE Americas, diverting corporate opportunities, clients, and proprietary assets to HSE Americas; drawing unauthorized compensation; making use of HSE Pacific's name and trade secrets in furtherance of competing business; and enjoying to the exclusion of Plaintiffs the corporate opportunities in the United States. These actions breached the duties of loyalty and good faith.

112.   The Domeykos breached their duties to HSE Pacific by concealing their intent to usurp HSE Pacific's principal ownership of HSE Americas.

113.   As a direct and proximate result, HSE Pacific and Newton have been harmed in an amount to be proven at trial.

114.   Defendants' conduct was, and continues to be, intentional, willful, malicious, and oppressive within the meaning of California Civil Code § 3294, entitling Mr. Newton and HSE Pacific to punitive and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs HSE Pacific Pty Ltd and Chris Newton respectfully request that this Court enter judgment in their favor and against defendants HSE Americas Inc., Nicolas Domeyko, and Sonia Domeyko, jointly and severally where applicable, and grant the following relief:

1.   A declaration that plaintiff HSE Pacific Pty Ltd is the owner of the "HSE" name and mark and the goodwill associated therewith, and that defendants' use of the "HSE" name and mark in U.S. commerce is unauthorized and unlawful;

2.   A preliminary and permanent injunction restraining defendants from continuing to use the "HSE" name, mark, or any confusingly similar designation in U.S. commerce, and from soliciting, accepting, or closing on investor capital on the basis of any asserted or implied affiliation with HSE Pacific or on the basis of the brand, reputation, or U.S. distribution relationship that HSE Pacific developed;

3.   An order requiring defendants to deliver up for destruction or surrender all materials bearing the "HSE" name or mark, pursuant to 15 U.S.C. § 1118;

4.   Compensatory damages on Counts 1, 2, 4, 5, and 7 in an amount to be proven at trial;

5.   Defendants' profits, treble damages, and any further monetary remedies available under 15 U.S.C. § 1117(a);

6.       Punitive and exemplary damages on Counts 2, 4, 5, and 9 per Cal. Civ. Code § 3294;

7.       Restitution under Cal. Bus. & Prof. Code § 17200 of money and property defendants have acquired by means of the practices alleged in Count 3;

8.       Restitution of the $400,000 AUD advanced to HSE Americas Inc. and any traceable proceeds, and the imposition of a constructive trust over those funds and any traceable proceeds wherever held, including any portion applied to the compensation of defendants Nicolas Domeyko and Sonia Domeyko or to property, accounts, or assets acquired with the funds;

9.       Rescission under Cal. Civil Code § 1689(b)(1) of the ownership and proposal contract and promissory notes;

10.       Reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a), under agreement, or otherwise allowable by law;

11.       Pre-judgment and post-judgment interest at the maximum rates allowed by law;

12.       Costs of suit; and

13.       Such other and further relief as the Court deems just and proper.

Dated: June 2. 2026                  HUNT HUNT & WINTERBOTTOM LLP

By:  */s/ Tyler Henry Hunt*
Tyler Henry Hunt, Esq.
Attorneys for Plaintiffs,
HSE PACIFIC PTY LTD and CHRIS NEWTON

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury trial on all issues so triable.

Dated: June 2, 2026                  HUNT HUNT & WINTERBOTTOM LLP

By:  */s/ Tyler Henry Hunt*
Tyler Henry Hunt, Esq.
Attorneys for Plaintiffs,
HSE PACIFIC PTY LTD and CHRIS NEWTON

23

COMPLAINT