UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSE PACIFIC PTY LTD, et al.,<br>Plaintiffs,<br>v.<br>HSE AMERICAS INC., et al.,<br>Defendants. | Case No. 26-cv-05272-PCP<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 12 |

Defendant HSE Americas Inc. moves to set aside the default against it and to answer plaintiff HSE Pacific Pty Ltd.'s complaint. Dkt. No. 12. For the reasons set forth below, the Court grants the motion.

**BACKGROUND**

Plaintiff HSE Pacific sued defendant HSE Americas on June 3, 2026. Dkt. No. 1. HSE Pacific is an Australian technology safety company in the mining industry and purports to be a "global leader in AI pedestrian-detection and machine-safety solutions." Dkt. No. 1, Complaint ¶ 2. HSE Pacific alleges that it recruited defendants Nicolas and Sonia Domeyko to enable HSE Pacific's entry into the United States and that this business would be called HSE Americas. Complaint ¶¶ 3, 4. HSE Pacific accuses the Domeykos of using the business connections HSE Pacific provided them and then "turn[ing] around and deny[ing] such relationship behind closed doors." Complaint ¶ 4. The Domeykos and HSE Americas allegedly persuaded HSE Pacific to send it $400,000 AUD based on false representations that HSE Americas "faced an imminent payroll-compliance crisis, which defendants misrepresented as having attendant risk of IRS audit and loss of Delaware corporate standing." Complaint ¶ 6. HSE Pacific sues for federal and state trademark infringement, trade secret misappropriation, unfair competition, fraud, fraud in the

United States District Court
Northern District of California

inducement, money had and received, breach of contract, and breach of fiduciary duty.

Plaintiffs served their complaint on defendant HSE Americas' registered agent for service Corporation Service Company (CSC) on June 10, 2026. Domeyko Decl. ¶ 4. But HSE Americas states it did not receive actual notice of the suit until July 6 because CSC sent the summons and complaint on June 29, scheduled to be delivered July 1. Domeyko Decl. ¶¶ 4, 5. Because of the holiday, HSE Americas did not check its mail on Thursday, July 2, and Friday, July 3, and instead checked it on Monday, July 6. CSC also sent an email notifying HSE Americas about the suit on June 10, but HSE Americas said CSC sent the email to "an old personal email address which was used until HSE Americas was incorporated and a corporate email account was created" and the old personal email account was "rarely checked." Motion at 2.

When HSE Americas finally received notice of the lawsuit, HSE Americas tried to contact plaintiff HSE Pacific's counsel on July 7 via phone and left a message. Motion at 2. HSE Americas did not get a response and tried again by phone and email on July 8. Motion at 2. On July 9, HSE Pacific's counsel responded, requesting evidence that CSC did not provide timely notice. Motion at 2–3. HSE Americas had already moved for entry of default on July 2, which the clerk entered on July 8. Dkt. Nos. 9, 10. HSE Americas provided evidence on July 13 and requested that plaintiffs stipulate to setting aside the default against HSE Americas. Motion at 3. Plaintiffs declined to do so.

**ANALYSIS**

Under Federal Rule of Civil Procedure 55(c), the "court may set aside an entry of default for good cause." Good cause depends on three factors: 1) whether HSE Americas "engaged in culpable conduct that led to the default;" 2) whether HSE Americas had a "meritorious defense;" or 3) whether setting aside default would prejudice HSE Pacific. *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004).

Each of these three factors favors HSE Americas. First, HSE Americas did not engage in culpable conduct leading to its default. A defendant is culpable if it "received actual or constructive notice of the filing and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff*,

532 U.S. 141 (2001). HSE Pacific has not shown that HSE Americas *intentionally* failed to answer. To the contrary, all of the record evidence indicates that HSE Americas did *not* intentionally decline to answer. HSE Americas sought to answer promptly as soon as it received actual notice of the lawsuit in the mail, contacting their own counsel who then promptly contacted HSE Pacific's counsel repeatedly. Though HSE Americas should have maintained current contact information with CSC, the record before the Court still does not suggest that HSE Americas *intentionally* declined to answer.

Second, HSE Americas has raised potentially meritorious defenses. To justify vacating an entry of default, a defendant must "present the district court with specific facts that would constitute a defense." *Franchise Holding*, 375 F.3d at 926; *see also id.* at 925 (explaining that the "good cause" standard for setting aside an entry of default under Rule 55(c) "is the same standard that governs vacating a default judgment under Rule 60(b)"). HSE Americas appears to have potentially meritorious defenses to HSE Pacific's suit including that key trademarks are generic, that other marks are not distinctive or source-identifying, that HSE Pacific does not own a key trade secret at issue, that a key contract does not exist, and other factual assertions undermining other causes of action.

Third, HSE Pacific will not realistically be prejudiced by the setting aside of the default here. Prejudice from setting aside entry of default considers whether the plaintiff's "ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The complaint here was filed in June and by the first week of July, HSE Americas sought to participate in this case fully. There is no prejudice from the short, days-long delay. HSE Pacific argues vaguely with reference to funds that would be depleted if HSE Americas obtains relief from default, but HSE Pacific is not clear about why this would be so.

Each of the relevant factors favor setting aside the entry of default. Although that alone is enough to grant HSE Americas' motion, the Court also notes that HSE Pacific's rush to default and unwillingness to stipulate to set that default aside when requested to do so less than two weeks after the original deadline to respond demonstrates a noncooperative approach to litigation that is inconsistent with the Court's strong preference to resolve cases on the merits and to ensure that

opposing parties act reasonably and with appropriate civility and cooperation. Indeed, given HSE Americas' admission that it had previously discussed the parties' dispute with an attorney for HSE Pacific, there is no obvious reason why HSE Pacific chose to serve HSE Americas formally instead of requesting a waiver of service pursuant to Federal Rule of Civil Procedure 4(d). For this reason, the Court would grant HSE Americas' motion even if some of the factors addressed above arguably favored HSE Pacific.

The Court therefore grants HSE Americas' motion to set aside the entry of default. HSE Americas shall file its response to the complaint within 7 days of this order.

**IT IS SO ORDERED.**

Dated: September 21, 2026

P. Casey Pitts
United States District Judge